Filed 7/18/22 P. v. Lopez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY CASTRO LOPEZ,<br><br>    Defendant and Appellant. | H047665<br>(Santa Clara County<br>Super. Ct. No. C1777932) |

A jury convicted defendant Henry Castro Lopez of attempted first-degree burglary. The trial court suspended execution of a six-year prison sentence, placed Lopez on probation for five years, imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)[1]) but waived other fines and fees, ordered Lopez to stay away from the attempted burglary victim and her home for a period of 10 years, and referred Lopez to mental health treatment court. The mental health treatment court subsequently modified the sentence nunc pro tunc.

On appeal, Lopez raises three claims of error related to his sentencing. He contends the 10-year protective order is unauthorized and must be stricken, the five-year probationary term must be reduced to two years under section 1203.1, subdivision (a), as

---

[1] Unspecified statutory references are to the Penal Code.

amended after his sentencing by Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950), and the $300 restitution fine must be stricken because the trial court recognized at sentencing that he did not have the ability to pay that fine. The Attorney General counters that we should remand the case to permit the trial court to address various uncertainties related to Lopez's sentencing.

For the reasons explained below, we reverse the probation order entirely and remand the matter for resentencing in a manner that renders Lopez's probationary term consistent with current section 1203.1, subdivision (a). Given our reversal of the probation order, we do not decide Lopez's remaining claims. Instead, we direct that the trial court may consider at resentencing the propriety of imposing a protective order or restitution fine. In all other respects, we affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

In June 2018, the Santa Clara County District Attorney filed an information charging Lopez with attempted first-degree burglary (§§ 460, subd. (a), 664; count 1) and misdemeanor buying or receiving stolen property (§ 496, subd. (a); count 2). The information further alleged that Lopez had suffered two prior strike convictions (strike priors) (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony conviction (serious felony prior) (§ 667, subd. (a)).

A jury heard evidence on the charges.

The prosecution's evidence demonstrated that, on the morning of September 17, 2017, M.B. was at home with her brother when she heard a loud noise in the area of a door that led from the garage into her house.[2] M.B. went to investigate and came upon Lopez holding a screen that had been removed from a window. While M.B. talked to Lopez about what he was doing, M.B.'s brother took a picture of Lopez. M.B. told Lopez that she was going to call the police. Lopez responded, " 'Yes, go ahead and call

---

[2] We use the victim's initials to protect her personal privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4).)

the cops.' " Lopez then left, and M.B. called the police. The police responded and detained Lopez a short distance from M.B.'s house.[3]

Lopez presented testimony from witnesses about his homelessness and him talking to himself and engaging in apparent paranoid or nonsensical behavior in the past, including at the time of his arrest. In addition, a psychiatrist who had evaluated Lopez in the jail testified about diagnosing Lopez with posttraumatic stress disorder and an unspecified psychotic disorder. A clinical psychologist/neuropsychologist retained by the defense testified about his evaluation of Lopez and diagnosis of various mental disorders.

The jury convicted Lopez on count 1 and found true that the attempted burglary was in the first degree. The jury found Lopez not guilty on count 2.

In a separate court trial, the trial court found true the two strike priors and the serious felony prior.

At a sentencing proceeding on November 22, 2019,[4] the trial court granted Lopez's motion to dismiss the two strike priors under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court imposed the low term of one year on count 1, plus five years for the serious felony prior, for a total prison term of six years. The court suspended execution of the prison sentence and placed Lopez on formal probation for five years with various conditions. The probation conditions included orders that (1) Lopez serve 180 days in the county jail with immediate release upon bed availability in a community alternative program (CAPS), and (2) Lopez shall not knowingly contact M.B. and shall stay away from her home for 10 years (no-contact order).[5] As additional conditions of probation, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and imposed and suspended a $300 probation revocation restitution fine (§ 1202.44).

---

[3] The prosecution also presented rebuttal evidence about a prior theft that Lopez had committed.

[4] Unless otherwise indicated, all dates were in 2019.

[5] The probation officer's revised report and supplemental memorandum to the trial court for sentencing noted M.B.'s fear of Lopez.

The court, however, waived other fees and assessments. In addition, the court ordered Lopez to report to mental health treatment court and further ordered that the judge in that court could modify Lopez's sentence.

On December 3, Lopez appeared in the mental health treatment court. Lopez signed a treatment court sentencing agreement requesting entry into the treatment court program as a condition of his probation. The court approved and filed the agreement.

No reporter's transcript for the December 3 proceeding appears in the record on appeal. However, the clerk's minute order indicates that the mental health treatment court modified Lopez's sentence "[n]unc pro tunc" to November 22, including by modifying the terms and conditions of his probation. The minute order also includes notations regarding (1) the suspension of the balance of Lopez's 180-day county-jail term and his release to CAPS, (2) the "FP 11-22-24" (presumably referring to a 5-year term of formal probation), and (3) a "DVPO (N/C) 11-22-33" (presumably referring to a 10-year domestic violence no-contact protective order). The minute order does not name the protected person, and there is no separate document in the record evidencing the issuance of a domestic violence protective order.

Lopez timely appealed on December 4.

## II. DISCUSSION

We begin our analysis of Lopez's claims by addressing his contention that his probation term must be reduced to two years because the five-year term is unauthorized under section 1203.1, as amended by Assembly Bill 1950. The Attorney General does not dispute that Lopez is entitled to the benefit of Assembly Bill 1950. Lopez and the Attorney General, however, offer differing suggestions regarding the remedy we should select to address this circumstance.

At the time of Lopez's sentencing in 2019, the trial court had the authority to impose a five-year term of probation. (See former § 1203.1, subd. (a).) On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for

4

most felony offenses to two years.[6]  (See Stats. 2020, ch. 328, § 2; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879; see also § 1203.1, subds. (a), (*l*).)  Current section 1203.1, subdivision (a) (hereafter section 1203.1(a)), states in relevant part:  "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine."  (§ 1203.1(a).)  There are exceptions to the two-year limitation for certain felonies, but those exceptions do not apply here.  (See § 1203.1, subd. (*l*).)

We agree with the parties that section 1203.1(a)'s two-year limitation on probationary terms applies to Lopez's nonfinal conviction.  (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 627 (*Greeley*).)  Regarding the dispute about the appropriate remedy, Lopez urges this court to simply reduce his probation term from five years to two years.  By contrast, the Attorney General asserts that remand is more appropriate:  "Merely striking any portion of the probationary term that exceeds two years deprives the superior court and the parties of a necessary determination of the status of the probation at the time it was terminated."

We agree with the Attorney General that a remand is appropriate in this case.  More than two years has passed since Lopez was placed on probation in 2019, and thus a simple reduction from five years to two years may leave outstanding issues unaddressed before the termination of his probation.  Because we are not aware of the status of Lopez's probation while the case has been pending on appeal, we will reverse the probation order in its entirety and remand for the trial court to resentence Lopez in a manner that renders his probation term consistent with section 1203.1.  (See *People v.*

---

[6] After enacting Assembly Bill 1950, the Legislature passed Assembly Bill No. 177 (2021-2022 Reg. Sess.), which further amended section 1203.1 (effective September 23, 2021) and then repealed and replaced that section (operative January 1, 2022).  (Stats. 2021, ch. 257, §§ 21, 22, 48.)  The changes effected by Assembly Bill No. 177 to section 1203.1 do not affect our analysis in this case.

*Czirban* (2021) 67 Cal.App.5th 1073, 1095 [reversing probation order and remanding for resentencing]; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246 [same]; see also *Greeley*, *supra*, 70 Cal.App.5th at p. 627.)

Because we reverse the order of probation entirely, any terms and conditions attendant to that order are necessarily vacated. Based on the record before us, we determine that both the 10-year no-contact order (imposed by the trial court on November 22) and the 10-year no-contact domestic violence protective order (noted on the December 3 minute order of the mental health treatment court) were imposed as conditions of Lopez's probation. Thus, given our reversal of the probation order, neither condition is operative any longer. Accordingly, we need not consider Lopez's challenge to the 10-year protective order as unauthorized. (See *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.) Likewise, the $300 restitution fine (§ 1202.4, subd. (b)) imposed as a condition of Lopez's probation is no longer operative. Thus, we need not decide Lopez's due process and excessive-fines clause challenge to the propriety of the now-vacated restitution fine.

On remand, the parties and trial court may address the suitability of imposing a protective order or restitution fine on Lopez. We express no opinion on either issue. Nevertheless, for the benefit of the parties and trial court, we note that a 10-year protective order is authorized only in certain limited circumstances. (See *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324–1327; *People v. Robertson* (2012) 208 Cal.App.4th 965, 996; §§ 136.2, subd. (i)(1), 273.5, subd. (j), 368, subd. (*l*), 646.9, subd. (k), 1201.3, subd. (a); see also §§ 1203.1, subds. (i)(2), (j), 1203.097, subd. (a)(2).)

## III. DISPOSITION

The probation order (including all terms and conditions) is reversed, the protective orders issued as a condition of probation (on November 22, 2019, and December 3, 2019) are vacated, and the matter is remanded to the trial court for resentencing in a manner that

6

renders Lopez's probation term consistent with Penal Code section 1203.1, subdivision (a). In all other respects, the judgment is affirmed.

_____
               Danner, J.


WE CONCUR:




_____
Bamattre-Manoukian, Acting P.J.






_____
Wilson, J.








**H047665**
***People v. Lopez***